H. WILSON BLASHFIELD Appellant, *v.* THE EMPIRE STATE TELEPHONE AND TELEGRAPH COMPANY, Respondent.

REFERENCE — DISREGARD OF INCOMPETENT EVIDENCE.   While under ordinary circumstances, a referee (or a judge, in the case of a trial without a jury), who has erroneously admitted incompetent evidence, cannot, after the submission of the case to him for decision, cure the error by simply reporting that he has disregarded the evidence erroneously admitted, and formed his judgment without reference thereto; yet, when it appears that the error of the referee in admitting the incompetent evidence has been substantially cured by the peculiar and exceptional circumstances of the particular case — as, *e. g.*, that the referee, by the consent of the parties, had aided by his own observation the conclusion he had come to on the question as to which he reported that he had disregarded the incompetent evidence, namely, the damages suffered by landowners by reason of the building of a telephone line along a highway opposite their lands; that there was other evidence in the case upon which his determination on that question could be satisfactorily founded, and that an opportunity had in fact been given the parties to re-open the case and give further evidence if they desired — the judgment will not be reversed by reason of such error.

*Blashfield* v. *E. S. T. & T. Co.* (71 Hun, 532), reversed.

(Argued October 22, 1895; decided November 26, 1895.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made September 11, 1893, which reversed a judgment in favor of plaintiff entered upon the report of a referee and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Franklin Pierce* for appellant.   It must be presumed that the judgment entered upon the report of the referee was not reversed, or the new trial granted upon a question of fact, since it does not appear in the body of the order that it was upon error of fact, as well as error of law.   (Code Civ. Pro. § 1338; *Whitman* v. *Foley*, 125 N. Y. 651; *Lewis* v. *Barton*, 106 N. Y. 70; *Whitney* v. *Martine*, 88 N. Y. 537; *Keasbey* v. *B. C. Works*, 140 N. Y. 70; *Verplank* v. *Mem-*

*ber,* 74 N. Y. 620; *Hannigan* v. *Allen,* 127 N. Y. 639; *Inglehart* v. *T. I. H. Co.,* 109 N. Y. 454; *Kane* v. *Cortesy,* 100 N. Y. 132; *Prosser* v. *F. N. Bank,* 106 N. Y. 677; *People* v. *B. R. R. Co.,* 36 N. Y. 376; *Davis* v. *Leopold,* 87 N. Y. 620; *R. L. R. Co.* v. *Rouch,* 97 N. Y. 378.) It was not error in the referee, after the submission of the case to him and in his report, to disregard the testimony of the witnesses as to the rental value of the premises upon which the trespass occurred without the telephone poles upon them. (*Roberts* v. *N. Y. E. R. R. Co.,* 128 N. Y. 455; *Jefferson* v. *N. Y. E. R. R. Co.,* 132 N. Y. 483; *Pratt* v. *N. Y. C. & H. R. R. R. Co.,* 77 Hun, 139; Elliott on Appellate Pro. § 631; *Head* v. *Hargrave,* 105 U. S. 45; *Isear* v. *Burstein,* 24 N. Y. Supp. 918; *Brehn* v. *G. W. R. R. Co.,* 34 Barb. 256; *Mindock* v. *Sumner,* 22 Pick. 156; *Drucker* v. *R. Co.,* 106 N. Y. 164; *Rochester* v. *Chester,* 3 N. H. 349; *Sarvent* v. *Hesdia,* 5 Redf. 47; *Sizer* v. *Burt,* 4 Den. 426; *S. A. R. R. Co.* v. *M. E. R. Co.,* 138 N. Y. 548; *Carpenter* v. *Knapp,* 21 N. Y. Supp. 297; *Ayrault* v. *Sackett,* 17 How. Pr. 507; *Litch* v. *Vrotherson,* 16 Abb. Pr. 384; *Moissen* v. *Kloster,* 24 N. Y. S. R. 553; *Duguid* v. *Ogilvie,* 3 E. D. Smith, 527; *Lindsay* v. *People,* 67 Barb. 558; *Mercer* v. *Vose,* 8 J. & S. 218; *Cornish* v. *Graff,* 36 Hun, 160; *Mahoney* v. *Decker,* 18 Hun, 365; *Zust* v. *Smitheimer,* 19 Civ. Pro. Rep. 370; *Wiggins* v. *Downer,* 67 How. Pr. 65; *Adams* v. *Bushey,* 60 N. H. 290; *Bassett* v. *S. M. Co.,* 28 N. H. 438; *Ahern* v. *Mann,* 60 N. H. 472; *State* v. *Pike,* 65 Maine, 111, 116; *Burt* v. *Oneida Community,* 137 N. Y. 364; *In re Spencer,* 31 Pac. Rep. 453; *Morehead* v. *Brown,* 6 Jones Law, 368; *Wolford* v. *Strevell,* 15 Wkly. Dig. 88; *A. B. N. Co.* v. *M. E. R. Co.,* 18 N. Y. Supp. 533; *White* v. *M. R. Co.,* 18 N. Y. Supp. 396; *Smith* v. *C. D. P. & T. Co.,* 2 Ohio Cir. Ct. Rep. 259; *Barth* v. *Green,* 15 S. W. Rep. 112; *Smith* v. *Lee,* 17 S. W. Rep. 598; *Texas* v. *Turner,* 20 S. W. Rep. 1008; *Brown* v. *Colie,* 1 E. D. Smith, 265; *P. Co.* v. *Roy,* 102 U. S. 459; *Garfield* v. *Kirk,* 65 Barb. 464; *McGuire* v. *O'Hallaran,* Hill & Den. 85; *Ashley* v. *Marshall,* 20 N. Y.

502; *Wagener* v. *Finck*, 65 Barb. 500, 501; *Lathrop* v. *Bramhall*, 64 N. Y. 369; *Murray* v. *Fox*, 39 Hun, 108, 116; *Armstrong* v. *Gay*, 1 Stew. 175; *P. L. Ins. Co.* v. *Martin*, 32 Md. 316; *Littig* v. *Birkestoch*, 38 Md. 158; *Barringer* v. *Nesbit*, 9 Miss. 22; *Gardner* v. *Lincoln*, 5 Phil. 24; *White* v. *White*, 23 Pac. Rep. 284; *Quackenbush* v. *Ehle*, 5 Barb. 469; *Van Steenburgh* v. *Hoffman*, 15 Barb. 28; *Sinclair* v. *Tallmadge*, 35 Barb. 602; *Lefler* v. *Field*, 33 How. 285; *Davis* v. *Allen*, 3 N. Y. 168; *Chesebrough* v. *Connor*, 140 N. Y. 389; *Holmes* v. *Moffat*, 120 N. Y. 159; *McKnight* v. *Dunlap*, 5 N. Y. 545; *Mandeville* v. *Guernsey*, 51 Barb. 99; *Stone* v. *Frost*, 6 Lans. 443; *R. R. Co.* v. *Sage*, 35 Hun, 95; *Williams* v. *Vanderbilt*, 29 Barb. 501; *Yale* v. *Curtis*, 24 N. Y. Supp. 981; *Ward* v. *Preston*, 23 Cal. 469; *Tapley* v. *Forbes*, 2 Allen, 26; *Selkirk* v. *Cobb*, 13 Gray, 313; *Smith* v. *Whitman*, 6 Allen, 562; *Knox* v. *Hunt*, 18 Mo. 174; *Judge of Probate* v. *Stone*, 44 N. H. 593; *McAllister* v. *McAllister*, 12 Ired. 184; *Ewing* v. *Alcorn*, 40 Penn. St. 493; *Cadwallader* v. *Brodie*, 13 Atl. Rep. 483; *Yeatman* v. *Hart*, 6 Humph. 375; *State* v. *Meader*, 54 Vt. 655, 656; *Dykes* v. *Wyman*, 34 N. W. Rep. 561; *Brown* v. *Mathews*, 79 Ga. 1; *Beck* v. *Cole*, 16 Wis. 99; *Sidekum* v. *R. R. Co.*, 93 Mo. 400; *Herndon* v. *Henderson*, 41 Miss. 584; *Backus* v. *Gallentine*, 76 Ind. 367; *R. R. Co.* v. *Harmons*, 22 S. W. Rep. 764; *People* v. *Parish*, 4 Den. 153; *Lindsay* v. *People*, 67 Barb. 549; 63 N. Y. 143; *Ostrander* v. *People*, 16 Wkly. Dig. 63; *People* v. *Greenfield*, 23 Hun, 456; 85 N. Y. 75; *People* v. *McCarthy*, 110 N. Y. 315; *People* v. *Wilson*, 141 N. Y. 185; *People* v. *Leland*, 73 Hun, 165; *State* v. *Givens*, 5 Ala. 747; *People* v. *Hay Yen*, 34 Cal. 176; *State* v. *Kingsbury*, 58 Maine, 238; *State* v. *Schaffer*, 74 Iowa, 704; *Comm.* v. *Shepherd*, 6 Binn. 283; *Mimms* v. *State*, 16 Ohio St. 221; *Rhode Island* v. *Towler*, 26 Alb. L. J. 478.) Had the referee in this case not rejected the incompetent evidence, still, inasmuch as there is abundant competent evidence in the case to sustain his findings of fact, the General Term should not have reversed and this court should find that the reversal was error.

*People* v. *Gonzalez,* 35 N. Y. 49, 59; *Haskell* v. *N. A. R. R. Co.,* 74 Hun, 380; *Birch* v. *M. E. R. R. Co.,* 8 N. Y. Supp. 325; *Williams* v. *Clements,* 19 N. Y. Supp. 615; *Silsby* v. *Packer,* 9 N. Y. S. R. 112; *Kemeys* v. *Richards,* 11 Barb. 312; *In re Crawford,* 113 N. Y. 568; *Mayor* v. *N. B. Bank,* 126 N. Y. 666; *Marvin* v. *U. L. Ins. Co.,* 85 N. Y. 278; *Milliner* v. *Lucas,* 3 Hun, 496; *Markell* v. *Mathewson,* 32 Pac. Rep. 176; *V. C. Co.* v. *Hawes,* 27 Pac. Rep. 695; *Montagne* v. *Thornason,* 18 S. W. Rep. 264; *Laumeir* v. *Gehner,* 19 S. W. Rep. 82; *Bilby* v. *Townsend,* 45 N. W. Rep. 619; *Rodriguez* v. *Hayes,* 13 S. W. Rep. 296; *Wierner* v. *Nicolaus,* 38 Ill. App. 527; Cooley on Torts, 69; Shearman on Neg. § 740; *City of Buffalo* v. *Pratt,* 131 N. Y. 293; *Drucker* v. *R. R. Co.,* 106 N. Y. 164.)

*Frederic E. Storke* for respondent. The referee erred, first, in admitting opinion evidence upon the question of damages, and again, in striking the evidence from the record (without further hearing) after final submission. (*Dwight* v. *E., C. & N. R. Co.,* 132 N. Y. 196; *Roberts* v. *N. Y. El. R. R. Co.,* 128 N. Y. 455; *Doyle* v. *M. E. R. Co.,* 128 N. Y. 488; *Gray* v. *M. R. Co.,* 128 N. Y. 499; *Kernochan* v. *N. Y. El. R. R. Co.,* 130 N. Y. 651; *Jefferson* v. *N. Y. El. R. R. Co.,* 132 N. Y. 483; *Myer* v. *Betts,* 5 Den. 81; *Allen* v. *Day,* 7 Barb. 585; *Bloss* v. *Morison,* 47 Hun, 218.) The purchase of the claims in suit was in violation of section 73 of the Code of Civil Procedure. No title, therefore, passed to the plaintiff under the assignment, and no action can be maintained thereon by him. (*Arden* v. *Patterson,* 5 Johns. Ch. 48; *Baldwin* v. *Latson,* 2 Barb. Ch. 306; *Moses* v. *McDivitt,* 88 N. Y. 62, 67; *Wetmore* v. *Hegeman,* 88 N. Y. 69, 73; *Mann* v. *Fairchild,* 3 Abb. Ct. App. Dec. 152; *Browning* v. *Marvin,* 100 N. Y. 144; Code Civ. Pro. § 74; *Fowler* v. *Callan,* 102 N. Y. 395; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.,* 71 N. Y. 443.)

PECKHAM, J. This action was commenced to recover damages alleged to have been sustained by the plaintiff's assignors

by the building of the defendant's telephone line along the highway opposite their lands. These owners, numbering some sixty different individuals, assigned their claims to the plaintiff, who brought this action, and after trial before a referee succeeded in recovering judgment in his favor in a total of several hundred dollars. The defendant denied some of the material allegations of the complaint, and also set up as an affirmative defense that plaintiff's attorney had purchased the various causes of action for the purpose of bringing suit thereon, and that the plaintiff had no real interest in the subject-matter of the action, and was in reality only the representative of the attorney. A further defense was that whatever damages had been sustained were the result of the acts of an independent contractor for whom the defendant was not liable.

Upon the trial evidence was taken tending to prove the damage sustained by each assignor by reason of the building of defendant's line and the erecting of poles in the highway abutting upon his land. In the course of the trial the plaintiff, in addition to other and competent evidence upon the subject of damage, gave expert evidence under the objection and exception of the defendant in relation to the value of the land as it would have been if the poles had not been erected. This evidence, it is assumed on both sides, was erroneous as within the principle of our decision in *Roberts* v. *Elevated R. R.* (128 N. Y. 455).

After all the evidence in the case was in on both sides the parties entered into a stipulation "that the referee might ride over the highway along which these telephone lines are constructed, and that he might take into account in determining the question of damages (if he shall reach that question) the facts derived from such observation." Pursuant to the stipulation the referee, in company with the attorneys for the respective parties, rode over the highway where the lines in question were erected, or some portion of them, observing the nature of the injuries arising from the erection and maintenance of the poles, so far as observation enabled him to do so.

Thereafter he reported in favor of the plaintiff, and stated with regard to each cause of action the amount of the damage sustained by the assignor thereof by reason of defendant's acts in question. In making up his report the referee made, among many others, the following finding of fact:

"*Seventy-fourth.* I allowed the plaintiff upon the trial to call a number of witnesses, chiefly from among the plaintiff's assignors, and after the witnesses had described the nature of the injuries to their respective farms, I permitted them, upon the question of the injury to the rental value of their respective premises by the erection and maintenance of these telephone lines, to give in some cases their opinion as to what the rental value would be or would have been without the telephone poles thereon. After such evidence was given I was invited by the attorneys for the respective parties to ride over the telephone routes involved in this controversy, and to observe the nature and extent of the injuries described in the evidence, and it was stipulated that I might consider what I thus observed in determining the amount of the plaintiff's damages if it should become necessary for me so to determine. I made such examination in company with the attorneys of the respective parties in September, 1891. Upon reflection and examination, I became doubtful as to the competency of the said opinion evidence given by ――――――, plaintiff's witnesses, as before detailed, and before assessing the damages herein I called the attention of the attorneys of the respective parties to my doubt as to the competency of such evidence, and stated to them that upon my own motion I should strike out such evidence and disregard the same in assessing the damages herein. I have, therefore, stricken out all such opinion evidence on the part of the plaintiff's witnesses, and I have entirely disregarded the same in my assessment of the plaintiff's damages, and I have assessed said damages entirely upon a consideration of the description of the damages given by both the plaintiff's and defendant's witnesses herein, and also upon my personal observation as to the nature and extent of such damages so far as the same could be ascertained by

me in an examination while riding along said line. An exception to my action in thus striking out such evidence is hereby given to either party who feels himself aggrieved thereby, with the same effect as though taken by him upon the trial of the action."

Judgment having been entered in pursuance of the referee's report, the defendant appealed to the General Term of the Supreme Court, where the judgment was reversed. The order of reversal does not show that the judgment was reversed upon any question of fact (see § 1338 of the Code of Civil Pro.), and we are, therefore, compelled to presume that it was not reversed or the new trial granted upon any such question. The judgment was in reality reversed by the General Term on the ground of the referee's erroneous ruling in regard to the admission of the expert evidence above described and because of its belief that such error was not cured by the subsequent action of the referee as stated in his 74th finding above quoted. We agree with the learned judge delivering the opinion of the General Term that in ordinary cases it would be most dangerous to hold that a referee or judge who has erroneously admitted incompetent evidence upon the trial of an action could, after the submission of the case to him for decision, cure the error by simply reporting that he had disregarded the evidence erroneously admitted, and formed his judgment without reference thereto. We should in ordinary cases most surely condemn the practice as contrary to the proper conduct of trials by judge or referee, as most dangerous in its possibilities and as improperly depriving the party against whom the incompetent evidence was offered and received of his exception thereto duly taken.

This, however, it seems to us, was an exceptional case and should be decided with reference to the exceptional facts which exist. An error made by the judge presiding at a trial by jury in the admission of incompetent evidence we have held may be cured by his charge to the jury when it in effect strikes out the evidence, withholds it from the jury and plainly directs that body to disregard such evidence in coming to a

conclusion upon the case. (*Holmes* v. *Moffat*, 120 N. Y. 159.) We have applied that rule on a trial for murder. (*People* v. *Wilson*, 141 N. Y. 185.) Of course there is a distinction between the two modes of trial in regard to the manner of curing an error in the admission of incompetent evidence; where a judge charges a jury to disregard it and in effect strikes it out and withholds it from the jury, the opportunity is then presented to either party to except to that decision and to ask the court to open the case and permit other and further evidence upon the subject to be given which would be competent and proper for the jury to regard, and a refusal to open the case under proper circumstances would seem to be just ground for exception by the party aggrieved. In the ordinary case of a trial by a judge without a jury, or by a referee, where he merely states in his decision or report that incompetent evidence which had been received under objection had been disregarded by him in coming to his conclusion, such practice would give no fair opportunity to the aggrieved party to except to that decision, or to give further evidence in regard to the matter itself. The error could not be thus cured.

In the case at bar, however, we have the very important fact that the parties themselves stipulated that the referee might ride along the highway and take into account in determining the question of damages the facts derived from his observation at that time. Thus by the consent of the parties the referee was given power outside of and beyond the evidence taken before him from the witnesses to aid by his own observation the conclusion he might come to in regard to this single question of damages. This power was given for some purpose, and it constituted a kind of evidence which does not and cannot appear in the record before us, which is not the subject of exception, and the extent of the benefit derived from which we have no means of determining. In addition to that we have the facts detailed in his finding, from which it will be seen that an opportunity was in fact afforded the parties by the referee by reason of his informing them of his

determination, to ask him to re-open the case, and to receive such further evidence on the subject as either party might desire to give. The fact that it does not appear that either party availed himself of such opportunity by making any such request of the referee is evidence quite satisfactory to us that it was not regarded as important. There was other evidence in the case aside from this expert evidence, and aside from that obtained by the referee in his personal observation of the premises adjoining the highway, upon which his determination on this question could be satisfactorily founded. Upon these peculiar and exceptional circumstances we think the error of the referee in admitting the incompetent evidence was substantially cured, and it would not tend to a more just result to reverse the judgment for any such error.

*Second.* Another ground for the reversal of this judgment and the affirmance of the order granting a new trial was argued before us, and it arises under § 73 of the Code of Civil Procedure, which provides that "an attorney or counselor shall not directly or indirectly buy, or be in any manner interested in buying a bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent or for the purpose of bringing an action thereon." The learned counsel for the defendant contended here that the evidence was wholly uncontradicted, and showed that this section had been violated by the attorney for the plaintiff, and that in fact he was the owner of these claims which had been nominally assigned to the plaintiff, and that he had in effect purchased the same in violation of this section of the statute. We have carefully examined the evidence in this respect, and are clearly of the opinion that the section in question has not been violated in the case now under review. The attorney for the plaintiff did not directly or indirectly buy, nor was he in any manner interested in buying, these claims in suit. The evidence on this subject falls far short of proving any such purchase of the claims by the plaintiff's attorney, directly or indirectly, as comes within the prohibition of the statute. There has been no purchase at all.

We have examined the other questions argued before us. and contained in the excellent brief of the defendant's counsel, and are of the opinion that they do not show any good ground for the reversal of the judgment entered upon the referee's report.

We are, therefore, of the opinion that the order of the General Term granting a new trial should be reversed, and the judgment entered upon the report of the referee should be affirmed, with costs.

All concur.

Ordered accordingly.