CHARLES KOHL, complainant,

*v.*

A. O. ROBBINS, executor of the estate of Elizabeth Kohl, deceased, defendant.

[Decided June 26th, 1934.]

*Mr. George K. Large,* for the complainant.

*Mr. Fordyce E. Suderley,* for A. O. Robbins.   No argument on the brief.

BACKES, V. C.

Elizabeth Kohl, mother of the complainant, was possessed of a $2,800 mortgage.

On July 15th, 1920, she, joined by her husband, executed a paper which reads:

"We hereby wish to have it known that I, Franz Kohl and my wife have a mortgage on the farm which we have sold, said mortgage is to the amount of $2800. We both sign this $2800 to our son Chas. as he is the one who worked for us on the farm since 1895 and has helped us as long as we were on the farm. We just want the interest money as long as we live and wish our funeral expenses paid after death. We spend $6400 for our son Henri for lawyers, etc. after his arrest. He has never helped us and for that reason we feel that our son, Chas. should have something, as he helped us for many years and we could never trust Henry, who always kept all the money he earned. He could have helped us, but always said he would not work for debts. We are now living at Trimmers place and are sending for two men to sign this paper as witnesses, after reading the contents of this to them.

Witnesses: LAFAYETTE JORDY            FRANZ KOHL
                    GEORGE FINK                  ELIZABETH KOHL."

The paper-writing was delivered to the complainant. The bond and mortgage were retained by Mrs. Kohl's solicitor, the defendant. Mrs. Kohl died in 1928, testate, and letters were issued to the defendant.

Elizabeth Kohl had been an inmate of the New Jersey State Hospital at Trenton from June, 1923, until her death in 1927. The solicitor delivered the bond and mortgage to the chief executive officer of the hospital upon his appointment as guardian to Elizabeth Kohl, who returned them to the defendant, upon his appointment as executor in 1930.

The executor collected the interest on the mortgage and $500 of insurance for loss by fire of buildings on the mortgaged premises. He has paid the funeral bill and the interest has been applied to the support of Elizabeth Kohl at the hospital. There is a balance due the hospital of $600 or $700.

The matter is submitted on a stipulation of facts and was to be argued by briefs. The solicitor of the complainant to-day forwarded his brief and a letter in which he says: "I served a copy of my brief on Mr. Suderley, who is associated with Judge Robbins and represented him, last November, and since then Mr. Suderley has failed to file an answering brief and recently advised me that I should send the stipulation of facts, together with my brief of law to you so that the matter can be disposed of without further delay." From this it is assumed that the defendant intends to file no brief. That is not only neglecting the client's interest, but a discourtesy to the court and deserving of reprimand.

Taking up the points as presented by the complainant: The paper-writing is an assignment adequate to passing the title to the bond and mortgage. Delivery of the bond and mortgage with the assignment was not essential to the transfer.

Recording of the assignment was not required except as against assignees in good faith and possibly creditors. That point is not presently involved; the defendant executor has notice of the assignment.

The paper is not testamentary. Title to the bond and mortgage passed upon the execution and delivery of the assignment; the assignors' reservation of the annual interest to accrue on the mortgage during their lifetime did not prevent vesting of the title. The provision as to funeral expenses was a condition subsequent, imposing an equitable lien. It has been discharged.

Nothing is said in the bill or the stipulation as to whether Franz, the husband of Elizabeth, is living. The assignment reserves the interest to Franz as well as to Elizabeth.

We fail to see merit in the claim of estoppel, set up in the sixth paragraph of the answer: "By reason of the fact that he [complainant] has not proceeded to assert or enforce any claim or right that he may have within the time required by law." Just what that means is not apparent. The defendant has suffered no harm by the complainant's delay since his mother's death. The possession of the bond and mortgage by the defendant as solicitor and by the guardian of Elizabeth Kohl until her death, was not inappropriate— she had the life interest—and redelivery to the defendant, as executor, in May of 1930, and the latter's possession until the filing of the bill, surely worked no detriment to the defendant executor of which he can complain, unless he incurred expense of foreclosure without notice of an assignment. If that be the fact, he is entitled to be reimbursed.

It may be that the hospital is entitled to be reimbursed for its outlay in the keep of Elizabeth Kohl, if the outlay was upon the security of the bond and mortgage. However, that question has not been raised; the guardian is not a party to the suit.

The thing decided upon this haphazard presentation is the issue raised by the pleadings and supported by the stipulation, viz.: Is the assignment valid and is the son entitled to the bond and mortgage. It is. He is.

Counsel will give notice of the settlement of the decree and the defendant will respond in person, or be represented, or consent to the decree.