THE AMERICAN UNIVERSITY, PLAINTIFF-APPELLANT, v. RUSSELL G. CONOVER, EXECUTOR, DEFENDANT-RESPONDENT.

Submitted May 31st, 1935—Decided October 9, 1935.

For the plaintiff-appellant, *Franklin H. Berry.*

For the defendant-respondent, *Howard Ewart.*

The opinion of the court was delivered by

DONGES, J.    Plaintiff, The American University, sued defendant, Russell G. Conover, executor under the last will and testament of Ida Grant, upon the following instrument:
"July 20, 1927.

"In consideration of my interest in Christian Education and for and in consideration of the mutual promises of other subscribers to The American University Fund of $6,000,000 for endowment, buildings, betterments, equipment, liquidation, and expenses, I hereby promise and will pay to The American University, an educational corporation organized and existing by and under certain acts of Congress, the sum of $5,000, payment to be made to the treasurer of said American University at Washington, D. C.

"This subscription is made upon the following terms and conditions:

"1. This pledge shall become due upon the day of my decease and shall be paid within one year thereafter by my administrator or executor out of the proceeds of my estate.

"To be known as the Sarah Jane and Ida Grant Memorial Scholarship Fund."

It was duly signed and witnessed. There was a blank space in the instrument for the insertion of provision for interest payment, but this line was crossed out.

At the trial the defendant moved for nonsuit upon two grounds: first, that the instrument was without consideration; and second, that it was an attempt at a testamentary disposition of property and void because not executed in accordance with the statute of wills. The trial judge granted the motion on the second ground.

Respondent argues in this court that the instrument is without consideration, but the weight of authority is to the effect that contracts of this character, based upon the mutual promises of several persons to contribute to the same fund, are not without consideration. Furthermore, there was a provision in this instrument that the fund should be used to set up a scholarship fund to be named in honor of Miss Grant and her sister, and under *New Jersey Orthopaedic Hospital and Dispensary* v. *Wright,* 95 *N. J. L.* 462, a provision in a subscription that the money be used for a particular purpose forms consideration. It is also argued that there was no acceptance on the part of the plaintiff, but the Wright case holds that authority to solicit subscriptions implies authority to accept them and bind the charity. In addition to this, there was testimony in the instant case that the university had written the donor accepting the gift.

The case turns upon whether or not such an agreement is void as a testamentary disposition of property. There is no case in this state dealing with just such a contract. The general tendency here has been to treat very strictly agreements which would tend to circumvent the statute of wills. In *Stevenson* v. *Earl,* 65 *N. J. Eq.* 721, an attempt to designate a beneficiary to a fund in an employes' saving fund was held to be void; in *Schlicher* v. *Keller,* 67 *Id.* 635, the execution and delivery in escrow of a deed, the title to pass on the death of the grantor, was held to be void; in *Robeson* v. *Duncan,* 74 *N. J. Eq.* 745; the same principal was invoked; in *Reed* v. *Bonner,* 91 *N. J. L.* 712, a check was executed and delivered, and the money received by the payee, with the understanding that the payee was to pay interest on the amount

thereof during the life of the maker and to have the principal at his death, and it was held that this was an attempted testamentary disposition of the money; in *United States Trust Co.* v. *Giveans,* 97 *Id.* 265, two persons entered into a contract that upon the death of one all the property in a certain safe, which contained property of each, should become the property of the survivor, and this contract was defeated. See, also, *Johnson* v. *Savings Investment Co.,* 110 *N. J. Eq.* 466, and *Trenton Savings Fund Society* v. *Wythman,* 106 *Id.* 93.

In some jurisdictions such agreements have been held to be valid and enforceable against the estate, and not to be testamentary in character. It is said that such a note is a valid enforceable contract from the time of its making, and the mere fact that performance is postponed until the death of the maker does not render it testamentary.

The question presented is whether we shall follow the ruling in other states, or apply the doctrine of our cases to such a situation as is here presented. In principle, it is difficult to distinguish this case from *Reed* v. *Bonner, supra.* In that case this court said:

"It appears that it is undisputed that the defendant received the money of the testatrix upon an obligation to pay interest thereon until her death, and that so far from its being a present gift, the money was not to be his until her death; in short, that it was in the nature of a testamentary disposition. No such disposition is valid unless there is a compliance with the requirements of the statute of wills. A sufficient test of the rights of the parties is to be found in the fact that the defendant does not claim to have had title during the life of the testatrix."

In the instant case, we conclude that the gift represented by the note is testamentary in its character. The donor retained absolute control and dominion over her estate during her life, and transfor of the dominion of the amount of the note was not to take place for one year after her death. We conclude that the undertaking constituted a testamentary disposition of the amount involved, and was invalid as not being made as required by the statute of wills.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—THE CHIEF JUSTICE, PARKER, HEHER, PERSKIE, JJ. 4.