### JOHN F. FITZGIBBONS *vs.* DUANE C. WHITE.

Middlesex.    October 8, 1936. — January 26, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction,* Specific performance.    *Res Judicata.*

A demurrer properly was sustained to a bill in equity seeking specific performance of a contract by the defendant to buy from the plaintiff shares of stock of a certain corporation where the bill contained no averments that the corporation was a close corporation, that its stock had no substantial market, that the stock agreed to be bought carried with it control of the corporation, or any other fact showing that the plaintiff had no adequate remedy at law.

Averments, in a bill in equity for specific performance of an agreement to buy from the plaintiff shares of stock in a certain corporation, that the plaintiff had brought an action at law for breach of the contract and that the trial judge had "found that the plaintiff had not complied with certain provisions of" G. L. c. 106 "and therefore could not maintain the action of contract, and found for the defendant," would not warrant sustaining a demurrer to the bill on the ground of a former adjudication, it not appearing from such averments that there had been an adjudication upon the merits.

BILL IN EQUITY, filed in the Superior Court on October 24, 1934.

An interlocutory decree sustaining a demurrer to the bill was entered by order of *Williams,* J., and a final decree dismissing the bill without prejudice was entered by order of *Pinanski,* J. The plaintiff appealed.

The case was submitted on briefs.

*J. A. Pagum & G. W. Shinney,* for the plaintiff.

*D. Burstein,* for the defendant.

LUMMUS, J. The plaintiff, owning ninety-five shares of preferred stock and seventy-two shares of common stock in a corporation called The Brookside Company which con-

ducted a laundry, received from the defendant on September 24, 1929, an agreement under seal by which the defendant agreed to buy said shares on or before October 1, 1932, at his election, at a price named. The defendant took over the control of the company on September 24, 1929.

The bill alleges that the parties agreed on October 30, 1930, at the suggestion of the defendant, that seventy-two shares of preferred stock and sixty-eight shares of common stock held by the plaintiff, be cancelled, and seventy-two shares of preferred stock be issued in place thereof to the plaintiff. The intimation is that all the holdings of the plaintiff were thereafter represented by these seventy-two shares, but this is not wholly clear. At any rate, on October 30, 1930, the following was added at the foot of the agreement of September 24, 1929, and signed but not sealed by the defendant: "The above agreement shall apply in the same terms to the 72 shares of preferred now owned by John F. Fitzgibbons."

The bill goes on to state that, after the defendant subsequently refused to purchase the stock, the plaintiff, on April 28, 1933, commenced an action of contract for breach of the agreement of September 24, 1929, and at the trial a judge "found that the plaintiff had not complied with certain provisions of" G. L. c. 106 "and therefore could not maintain the action of contract, and found for the defendant." On October 24, 1934, the plaintiff brought this bill for specific performance of that agreement as modified on October 30, 1930.

The judge sustained a demurrer to the bill for want of equity, adequacy of remedy at law, and former adjudication in the action at law, and dismissed the bill without prejudice, but with costs. The plaintiff appealed.

Although specific performance of a contract to buy corporate stock may be granted in a proper case (*Leach* v. *Fobes*, 11 Gray, 506, 510; *Adams* v. *Messinger*, 147 Mass. 185, 188; *New England Trust Co.* v. *Abbott*, 162 Mass. 148, 154; *Early* v. *Moor*, 249 Mass. 223; *Goodhue* v. *State Street Trust Co.* 267 Mass. 28, 43), the bill does not set forth facts making such a case. It may be guessed that the laundry

company was a close corporation, that its stock had no substantial market, and that the plaintiff's stock carried with it the control of the corporation. But that is not alleged. For all that appears an action of contract to recover the difference between the purchase price and the actual value would afford an adequate remedy, and we need not consider whether under the sales act the full purchase price could be recovered. G. L. (Ter. Ed.) c. 106, §§ 52 (3), 53.

The demurrer was therefore properly sustained, and the words "on the first, second and third grounds thereof," as well as the words "and plea," under the circumstances are to be struck out of the interlocutory decree sustaining the demurrer. The decree was based upon the demurrer, and no plea was before the court. The demurrer could not properly be sustained on the third ground, that of former adjudication, for the meager and vague allegations of the bill with respect to the grounds of decision in the action at law are wholly insufficient to show whether the merits of the plaintiff's claim upon the contract were decided against him or not. This apparently was recognized to some extent when the judge dismissed the bill without prejudice.

The interlocutory decree is affirmed with the modifications already stated, and the final decree dismissing the bill with costs but without prejudice is

*Affirmed with costs.*