EDITH H. LEGRO, executrix, *vs.* JOHN N. KELLEY & others.

Essex.    March 3, 1942. — June 22, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Executor and Administrator*, What are assets of estate, Contract of decedent, Stock of decedent. *Personal Property*, Ownership. *Contract*, Death of party, Validity. *Wills, Statute of.*

By a certain contract in writing, not tainted with fraud, between the owners each of half of the closely held shares of stock of a corporation, providing that upon the death of either the survivor should "become

the owner . . . of all the stock of the deceased," the survivor received an equitable title to the shares of the decedent which was not derived through a will of the decedent embodying the substance of the contract and which was good as against the executor of the will, and the executor was not entitled to maintain a suit in equity to get possession of the shares from the survivor as an asset of the estate; there was nothing in the statute of wills which prevented such result.

PETITION IN EQUITY, filed in the Probate Court for the county of Essex on March 19, 1941.

The case was heard by *Phelan*, J. In this court the case was submitted on briefs.

*E. C. Jacobs*, for the petitioner.

*S. Parsons & E. Parsons*, for the respondents.

QUA, J. Through this petition the petitioner seeks to recover for the estate of Francis A. Legro, of whose will she is the executrix, one hundred twenty-five shares of stock in Kelley's Excelsior Laundry, Inc., of which stock the respondent Kelley is alleged to have "possessed himself" and which he is alleged to have divided among himself and the other respondents.

On December 31, 1932, the testator and the respondent Kelley, being equal owners of the entire stock of the corporation, entered into an agreement providing that upon the death of either the survivor should "become the owner . . . of all the . . . stock of the deceased partner, free and discharged of any obligation," except that the survivor should pay all indebtedness of the deceased party to the corporation; that neither party should dispose of any of his stock to any person except the other party; and that each would make a will, which should not be changed, revoked or cancelled, embodying the substance and intent of the agreement. The will of the petitioner's testator contained the required provision, and no contention is made that the respondent Kelley did not comply with it in his will executed on the same day as the agreement. The testator died sometime after May 21, 1936. The exact date does not appear. At the time of his death he owed the corporation $3,000 and also owed other debts. He left no property except such interest as his estate might have in the stock in the corporation. It does not appear that there was any

fraud in connection with the agreement. There is no finding that the respondent Kelley has not discharged, or that he is unable or unwilling to discharge, any and all indebtedness of the deceased to the corporation, as in his answer he admits that he is bound to do. The judge of probate found on "all the evidence" that the stock held by the testator at his death became the property of the respondent Kelley, and that the estate of Francis A. Legro had no interest therein, and dismissed the petition.

No error in the decree appears.

It is plain that the stock in question is closely held and is not purchasable in the open market. Equity will decree specific performance of an agreement for the transfer of stock of this character under the same circumstances under which specific performance will be granted of an agreement to convey real estate. *Adams* v. *Messinger*, 147 Mass. 185, 188. *New England Trust Co.* v. *Abbott*, 162 Mass. 148. *Fitzgibbons* v. *White*, 296 Mass. 468. It follows that by virtue of the agreement the respondent Kelley acquired an equitable interest or title in the stock which was good against anyone except a purchaser for value without notice. *Felch* v. *Hooper*, 119 Mass. 52, 57. *Holmes* v. *Winchester*, 133 Mass. 140. *Mansfield* v. *Hodgdon*, 147 Mass. 304, 308. *Dooley* v. *Merrill*, 216 Mass. 500. *Murphy* v. *Murphy*, 217 Mass. 233. *Young* v. *Walker*, 224 Mass. 491, 493. *Melamed* v. *Donabedian*, 238 Mass. 133, 137. He can enforce that title against the representatives of the deceased testator. *Howe* v. *Watson*, 179 Mass. 30, 39. *Goodhue* v. *State Street Trust Co.* 267 Mass. 28, 43. *New England Trust Co.* v. *Spaulding*, 310 Mass. 424, 429. He can do this in reliance upon the agreement alone without relying upon the will. His equitable title is not dependent upon the will and is not derived through the executrix. The provision of the agreement for the making of mutual wills was merely by way of further assurance.

There is nothing in the statute of wills that prevents the creation by contract of a bona fide equitable interest in property and its enforcement after the death of a contracting party, even though the date of death is agreed upon

as the time for transfer of the legal title.  *Murphy* v. *Murphy*, 217 Mass. 233.  *Noyes* v. *Noyes*, 233 Mass. 55, 59, 60.  *Hale* v. *Wilmarth*, 274 Mass. 186, 188, 189.  *Lukey* v. *Parks*, 279 Mass. 244, 248, 249.  *Kavanaugh* v. *Johnson*, 290 Mass. 587, 594.  See *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 313.  Compare *Stevens* v. *United States*, 89 Fed. (2d) 151;  *United States* v. *Stevens*, 302 U. S. 623.

The petitioner fails to show that the estate of the testator is entitled to possession of the stock.

*Decree affirmed.*