ANNA BASSE, appellant,

*v.*

ANTHONY RAAB, respondent.

[Argued February term, 1946.   Decided May 3d, 1946.]

*Mr. Mortimer L. Mahler* and *Mr. Archibald Kreiger*, for the appellant.

*Messrs. Merrey & Merrey (Mr. Edward F. Merrey, Jr.)*, for the respondent.

The opinion of the court was delivered by

BODINE, J.

The appeal in this case is from a decree dismissing a bill of complaint which sought to have canceled a mortgage on appellant's premises situate in Clifton, New Jersey.   The mortgage in question was executed by the appellant and her husband, now deceased, to the Paterson Building and Loan Association.

On April 15th, 1932, she paid the balance due thereon, and directed that the mortgagee assign the mortgage to her nephew, Anthony Raab, the respondent.   Her testimony was that this was done on advice of counsel in order that she would be better able to sell her house if she wanted to.   Some three years later, a written agreement was entered into between the parties.   This was also done on the advice of her counsel.

The written agreement, after reciting the facts, provides that Raab will not sell or dispose of the mortgage in appel-

lant's lifetime; secondly, that he will not ask for or claim interest upon the mortgage. There is then a provision that notwithstanding the covenant in the assignment, as to the amount due thereon, that the original amount due upon the mortgage shall be revived as stated in the mortgage. The agreement was never violated.

The proofs show that there was an intent to make a gift; that there was an actual delivery of the subject-matter of the gift, and a relinquishment by the donor of all dominion over it.

It seems to us that the documents indicate a retention by the appellant of a life estate in the mortgage with remainder over to her nephew at her death.

It is to be noted that the gift was not improvident when made. There was proof that the donor had other property. Even assuming, but not deciding, that she has now become impoverished, that is no reason to now set aside the gift which was made with full and competent legal advice. The gift to the nephew does not constitute an attempted testamentary disposition. *Green* v. *Tulane, 52 N. J. Eq. 169; Lester* v. *Guenther, 134 N. J. Eq. 53.*

We do not think that testimony would be admissible to show that the delivery of the mortgage was conditional or that the appellant intended that the gift of the remainder should be revocable. It seems well settled in this state that parol evidence is not admissible to alter the terms of a subsequent written agreement.

It might be noted that the petition of appeal is silent on the question of the invalidity of the rejection of parol testimony: hence, an attack on that ground may not be considered in this court. *Supplee* v. *Cohen, 81 N. J. Eq. 500.*

The decree under appeal will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS. RAFFERTY, DILL, McGEEHAN, JJ. 11.

*For reversal*—None.