In the matter of the estate of GERTRUDE KOSS, deceased.

[Argued October 22d, 1929.  Decided May 19th, 1930.]

*Messrs. Precker & Precker* and *Mr. Frederic J. Faulks*, for the appellant.

*Messrs. Kalisch & Kalisch,* for the appellee.

The opinion of the court was delivered by

BODINE, J.

This is an appeal from Vice-Ordinary Berry, whose opinion is reported in *105 N. J. Eq. 29*.  He found that the designation of a beneficiary, in the event of the death of a person participating in the stock purchase plan provided for the employes of the Standard Oil Company of New York, was a testamentary disposition.

The form of designation is as follows: "To the Standard Oil Company of New York, the trustee under the stock purchase plan for employes of said company: In the event of my death while a participant in the stock purchase plan for employes of Standard Oil Company of New York, I hereby designate as my beneficiary [name of beneficiary].  I reserve the right to change from time to time the beneficiary named herein by giving proper notice in writing."

The stock purchase plan in question was adopted October 31st, 1923, and was to continue for a period of five years. It provided that an employe might request the company to deduct from the pay due a sum not to exceed twenty per

cent. The company agreed to credit a like amount from its funds. Both credits were transferred to trustees, who from time to time purchased stock of the company. The plan of purchase was safeguarded so as to insure a fair purchase price. Dividends and stock rights are accumulated. The plan has been well received by the employes and has proved of inestimable benefit to them.

The plan further provides that an employe may withdraw at any time, but if he does withdraw he is to receive only that sum of money which he has contributed with six per cent. interest. He has, upon withdrawal, no right to securities or benefits due to management.

In so far as it relates to the designation of a beneficiary, the plan provides:

"In case of the death of any participating employe while in the service of the company, or of any subsidiary company, the trust in respect to such employe shall then terminate, and thereupon the full amount of cash, stock and other securities standing to the credit of such employe in the account of such employe with the trustees, shall be paid, transferred and delivered to such beneficiary or beneficiaries as such employe may have designated in writing and caused to be filed with the company, or failing such designation to the estate of such employe.

The employe's rights under this plan are wholly personal, and no assignment or transfer of any employe's rights and interest in said plan or in the stock, securities or cash credited to the account of such employe will be permitted or recognized."

The decedent, Gertrude Koss, participated in the plan and designated her sister as her beneficiary in the event of her death. She died intestate prior to October 31st, 1928. Her sister would now be entitled to thirty-two shares of stock and $21.80 in cash, if the plan under which Gertrude Koss' wages were in part contributed was regarded as a contract for her benefit. It, however, transpires that the administratrix appointed over the estate of Gertrude Koss claims the same as property passing under the intestate laws of this state.

It is perfectly true that the contract is not one of insurance, but although it is not one of insurance it is not far

removed therefrom. An insurance company purchases stocks and bonds with the premiums received and agrees to permit the insured to withdraw upon terms settled in the policy at any time, and finally agrees to make payment of money due to a designated beneficiary. The statute of wills was never thought to control such disposition. Under the plan above outlined moneys procured from two sources are used in the purchase of specific stock. This stock is accumulated over a period of years. At the expiration of the period, the stock is distributed among those who contributed to the fund in the proportion in which they contributed. In the meantime, those who contributed may withdraw and receive no stock but money, and if they die the person whom they designated takes certain benefits mentioned in the contract. Certainly, it seems upon the face of things that the rights of the respective parties arise in contract and must be settled by that law in accordance with the terms of the contract.

The court of chancery invokes *Stevenson* v. *Earl, 65 N. J. Eq. 721,* to defeat the intention of the parties. If it appeared anywhere in the record that Gertrude Koss had a fund which she could compel the transfer of, then the rule of *Stevenson* v. *Earl* would quite naturally and properly apply. It is obvious, however, from a reading of the contract in question that there is no specific property to which Gertrude Koss in her lifetime was ever entitled. ' Had she remained a participant in the plan until its termination she would have received a certain number of shares of stock, the exact number of which could not previously have been determined. Had she cared to withdraw she would have been obliged to take only the money contributed and six per cent. interest. She would lose not only the contribution made by the company to encourage her thrift, but all of the benefit which would have accrued by reason of management.

The case of *Green* v. *Tulane, 52 N. J. Eq. 169,* broadly differs, because there was a specific fund disposed of by the settlor at the time of settlement.

The significant language noted by the court below as controlling is that the payment to the beneficiary is "in the

event of my death while a participant." The ordinary designation in a policy of life insurance is to so and so "if living at the death of the insured," and, of course, the designation is useless if the insurance is not kept in force. Instead of regarding the designation of the beneficiary as a disposition of property we regard it as the mere naming of a person for whose benefit a contract is made. We believe this must be so since there never was any specific property to which Gertrude Koss was entitled in her lifetime. While living, her rights arose under the contract and were determined by it. The beneficiary therein named takes no property which belonged to Gertrude Koss because none existed either in law or equity.

See, also, article by Professor Austin W. Scott, a distinguished authority on the law of trusts, appearing in *43 Harvard Law Review 536,* to the effect that the plan in question violates neither the spirit or letter of the statute of wills.

The decree below will be reversed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CAMPBELL, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 6.

*For reversal*—TRENCHARD, BLACK, LLOYD, CASE, BODINE, HETFIELD, DEAR, JJ. 7.