## No. 12,445.

### HILL v. CAPITOL LIFE INSURANCE COMPANY.

(14 P. [2d] 1006)

Decided February 29, 1932. Department opinion adhered to en banc October 3, 1932.

Mr. CHARLES R. ENOS, Mr. HAROLD H. HEALY, Mr. THEODORE A. CHISHOLM, for plaintiff in error.

Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is an action on a life policy issued by defendant to one James D. Hill. Plaintiff, surviving wife, was the

beneficiary. Hill's note was accepted in payment of the first year's premium. Within the year, as alleged in plaintiff's third cause of action, but without her knowledge or consent, the insured received back his note and surrendered the policy to defendant, which destroyed and assumed to cancel the same; to which cancellation and destruction the plaintiff did not consent. Defendant, tendering the same issue, alleged in its second defense to plaintiff's first cause of action that at the instance and request of the insured, and within the year for which the note had been given, on which nothing had been paid, it entered into an agreement with the insured whereby it would discharge the maker of the note and surrender it to him in exchange for the return of the policy and its cancellation, pursuant to which the note was returned to the insured and the policy to the defendant, which thereupon canceled it. Other or different consideration for such surrender or cancellation was not pleaded, neither was it alleged that plaintiff consented thereto or had knowledge thereof. Defendant demurred to plaintiff's third cause of action and plaintiff to defendant's second defense, each challenging sufficiency of statement. The trial court overruled plaintiff's demurrer and sustained defendant's. Plaintiff elected to stand on her demurrer, and judgment of dismissal was given against her. Plaintiff assigns error, and maintains that without her consent the cancellation was not effective. In consonance with its demurrer defendant argues contra.

We have held, as has our court of appeals, that a note operates as payment of an insurance premium. *New York Life Ins. Co. v. Pike,* 51 Colo. 238, 117 Pac. 899; *Mutual Life Ins. Co. v. Reid,* 21 Colo. App.143, 121 Pac. 132. It would seem to follow that the return of a note so given would not differ from repayment of cash paid by the insured. The purpose in either situation would be to work cancellation of a policy, which, in the event of the happening of the contingency mentioned therein during the paid period, would otherwise consti-

tute a valid obligation to pay the beneficiary the amount stated in the contract. The policy here involved provides that the insured could change beneficiaries at pleasure. No change was attempted, but defendant urges that since the insured had reserved such right, the beneficiary enjoyed no interest in the policy incompatible with the power of the insured to take back the premium he had paid and in consideration of such return absolve the defendant from liability on the policy. The policy specifically provided what other things, based on the reservation to make change of beneficiary, the insured could do. This provision reads: "If the right to change beneficiary has been reserved by the insured, the insured, subject to the rights of any assignee, may release this policy to the Company for any cash, loan or other value which may be granted thereunder, or agree with the Company to any change in or amendment to the policy without the consent of any beneficiary."

■ Does cancellation of the policy in consideration of the return of the premium to the insured, all that was attempted here, come within the privileges reserved to the insured? In the correctness of the ruling on the demurrers will be found the right answer to this question. At the time of the claimed cancellation the policy had no cash surrender value, for that right, as stated in the policy, would not obtain until "after three full years' premiums shall have been paid." It is not claimed that the transaction was a loan, and what was done was not a "change in" or "amendment to" the policy, for these words imply the continuance of the policy, modified to conform to any new agreement. What was yielded to the insured in return for the policy was not "other value which may be granted thereunder," for the policy contains no provision contemplating such procedure based on the simple return of the premium.

"In case of life insurance, where the beneficiary has a vested interest in the policy, insured cannot, by surrendering the policy, cut off the rights of the beneficiary

without his consent, unless permitted to do so by the terms of the contract, or unless the beneficiary consents to the surrender or joins therein.'' 32 C. J. 1257.

''While there is authority to the contrary, the rule is that the reserved right of the insured to change the beneficiary named in the policy does not entitle him to surrender and cancel it without the beneficiary's consent.'' 32 C. J. 1258, and cases cited.

''A policy of insurance may be canceled, or rescinded by mutual agreement so as to terminate the rights and obligations of the parties under the contract. However, while this is true both as to the company and as to insured, the rights of a beneficiary cannot be divested by an agreement for cancellation to which he is not a party and of which he is without knowledge, *even though the policy authorizes a change of beneficiary.*'' 37 C. J. 439. See *Griffith v. N. Y. Life Ins. Co.*, 101 Cal. 627, 36 Pac. 113, 40 A. S. R. 96.

In point generally is *Indiana Life Ins. Co. v. McGinnis,* 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192. There the insured, beneficiary's son, took out a policy December 9, 1907, and November 30, 1908, without the knowledge or consent of his mother, received back the premium he had paid, with interest, and surrendered the policy. The insured reserved the right to change beneficiary but, as here, instead of exercising such right, or taking advantage of other privileges in the policy, not dissimilar to the ones found in the policy sued on in this action, he proceeded as indicated and gave up the policy. The company presented the issue by answer, to which a demurrer was interposed. The lower court sustained the demurrer, and on the company's appeal such ruling was approved. The court said: ''From the foregoing we conclude that the attempt to cancel the policy and terminate the liability of the appellant to his beneficiary was not in accord with the specific terms of the contract; that a change of beneficiary as provided therein contemplated the continuance of the contract, and did not contemplate

the complete annulment and determination thereof; that the beneficiary upon the issuance, delivery and acceptance of the policy of insurance took such a defeasible vested interest therein as under this contract was not to be divested by the agreement between the insurer and the insured cancelling the policy."

In *Roberts v. Northwestern Nat. Life Ins. Co.*, 143 Ga. 780, 85 S. E. 1043, the court arrived at the same conclusion on facts approaching more nearly those in the case at bar. November 9, 1909, Roberts secured a policy from the company, naming his wife as beneficiary, but reserving the right of change, and gave his note for the first year's premium. July 29, 1910, he surrendered the policy for cancellation and his unpaid note was returned. September 3, 1910, the insured died. The facts were stipulated, and the court announced its conclusions as follows:

"It appears from the stipulation of the parties that the liability of the insurance company depends upon the right of the insured to surrender the policy and agree upon its cancellation, without the consent of the beneficiary named in the policy. The subject-matter of the action is an ordinary policy of life insurance. It is well established in this State, and in other jurisdictions, that 'in ordinary life insurance, where no power of divestiture or to change the beneficiary is reserved in the policy, the issuance of the policy confers a vested right upon the person so named as beneficiary, and the insured can not transfer such interest to any other person without the consent of such beneficiary.' *Perry v. Tweedy*, 128 Ga. 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46); *Arnold v. Empire &c. Life Insurance Co.*, 3 Ga. App. 685 (60 S. E. 470); *Central Bank of Washington v. Hume*, 128 U. S. 195 (9 Sup. Ct. 41, 32 L. Ed. 370); *Ferguson v. Phoenix Mutual Life Insurance Co.*, 84 Vt. 350 (79 Atl. 997, 35 L. R. A. (N. S.) 844); *Washington Life Insurance Co. v. Berwald*, 97 Tex. 111 (76 S. W. 442, 1 Ann. Cas. 682); 3 Cooley's Briefs on Insurance, 2863. The

principle upon which this doctrine rests is that the person procuring the insurance divests himself of all interest in the policy, and the policy vests exclusively in the beneficiary, so as to make an irrevocable settlement upon the beneficiary for the amount for which the policy is issued. Any right to change the beneficiary is one of contract, and it can be accomplished only in the manner pointed out in the policy. There was no attempt by the insurer and the insured, in the instant case, to change or substitute a different beneficiary. The insured reserved that right in his policy, but did not act upon it. The insured and insurer attempted to surrender and cancel the policy, contending that as the insured reserved the right to change the beneficiary, he had the right to agree with the insurer upon the cancellation and surrender of the policy. The right to change the beneficiary in an ordinary life insurance policy does not include the power to surrender and cancel without the consent of the beneficiary. The right to change the beneficiary is quite different from the right to surrender the policy for the purpose of cancellation; as the former contemplates modification and continued existence of the policy, while the latter contemplates its complete destruction. *Holder v. Prudential Insurance Co.*, 77 S. C. 299 (57 S. E. 853). * * * We are therefore of the opinion that the interest of one named as beneficiary in an ordinary life insurance policy is a vested interest, and the contract of insurance cannot be terminated by the insured and insurer without the consent of the beneficiary, except in the manner provided by the policy. The policy did not provide for its surrender and cancellation by agreement between the insured and insurer; and the plaintiff is entitled to recover thereon under the stipulated facts.''

Authorities cited by defendant's counsel, based on varying degrees of similarity of facts, point to an opposite conclusion, but we are disposed to adopt and follow the reasoning of the cases to which we have made reference in this opinion. In our view they announce a whole-

306

some and reasonable rule.  Indeed, while the precise
question here has not heretofore been presented to this
court, quite in point in essence is our holding in *Johnson
v. N. Y. Life Ins. Co.*, 56 Colo. 178, 138 Pac. 414, in which
*Indiana Nat. Life Ins. Co. v. McGinnis, supra,* is cited.
There the insured had reserved the right to make change
of beneficiary.  Nevertheless we said the beneficiary had
an "interest in the policy, which, while subject to be de-
feated by a change of beneficiary, can be defeated only
in the manner prescribed in the policy."  The policy
here did not specifically or by reasonable intendment au-
thorize the insured and defendant, without the consent
of the beneficiary, for and during the period in which the
policy would constitute a potential obligation to the bene-
ficiary to make cancellation thereof.  The circumstances
considered, the attempt to that end was ineffectual.  It
follows that the court erred in sustaining defendant's
demurrer to plaintiff's third cause of action, and in
overruling plaintiff's demurrer to defedant's second de-
fense.

The judgment is reversed and the cause remanded.
Let the demurrers be disposed of comformably to this
opinion, with leave to the parties to amend and plead as
they are advised.

Mr. Chief Justice Adams, Mr. Justice Campbell and
Mr. Justice Alter concur.

*On Rehearing.*

Mr. Justice Hilliard.

On rehearing, determined en banc, the court adheres to
the original departmental opinion.

Mr. Chief Justice Adams and Mr. Justice Alter
dissent.