No. 14,009.

ESTATE OF WADE.
SMITH ET AL. *v.* SIMMONS, ADMINISTRATOR.
(61 P. [2d] 589)

Decided September 21, 1936.

Messrs. SPURGEON & CLARK, Mr. JAMES F. QUINE, JR., for plaintiffs in error.

Mr. F. F. SCHREIBER, Mr. J. E. LITTLE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS action for recovery of two $1,000 liberty loan bonds to the estate of Eliza A. Wade, was instituted by Simmons as administrator, against Smith and Smiley. Judgment was for plaintiff and defendants assign error.

Deceased Wade, in her lifetime, and on February 6, 1930, placed three $1,000 liberty loan bonds with the Colorado Springs National Bank, accompanied by the following letter of instructions:

"February 6, 1930

"Trust Department

"The Colorado Springs National Bank

"Colorado Springs, Colorado

"Gentlemen:

"I hand you herewith the following described Fourth 4¼% Liberty Loan Bonds: 3 of $1000.00 each, Nos. K02618990—A02618991—B02618992.

"Kindly pay the interest received on said bonds to the undersigned, Eliza A. Wade, during her life.

"Should these bonds mature and be paid by the Government before I die, it is my request that you reinvest the same in such first class bonds as may be approved by me or allowed by the statutes of this state.

"In event of the death of any one or more of the beneficiaries, consult Mrs. Eliza A. Wade about what disposi-

tion shall be made of the amount that would have gone to the deceased, and follow Mrs. Wade's instructions.

"In event of my death, deliver pro rata, said bonds, or any proceeds remaining therefrom to: Mrs. Sonoma V. Smith, Mrs. Alice Cash, Mrs. Florence A. Smiley, or the survivor of them.

"Mrs. Eliza A. Wade"

"Witness
  "S. Lowrie Hormann
    "Accepted:
      "W. R. Armstrong
      "Trust Officer."

October 27, 1930, Mrs. Wade withdrew one of the bonds, leaving two with the bank with a new letter of instructions identical in form with the above quoted document except as to the number of bonds and with the name of Mrs. Alice Cash eliminated. From that time to June, 1935, the date of Mrs. Wade's death, the bonds remained with the bank which paid the interest according to instructions. After demand upon the bank by plaintiff administrator for delivery to him of the bonds, and its refusal, he instituted this action on November 19, 1935, contending that the bonds then were the property of deceased's estate, and that the written instrument above quoted is a testamentary disposition in violation of the Colorado statute concerning wills. For a second cause of action, which upon trial he abandoned, he alleged incapacity on the part of deceased. Defendants answered, denying that the bonds were to be held for deceased, that she retained title thereto, and alleging that by the instrument above set out, she created a valid trust for defendants as beneficiaries.

The effect to be given the written instrument is to be determined from its face and the circumstances relating to its execution and delivery as disclosed by the evidence. The attorney who drafted the instrument testified as follows:

"* * * A. As I recall Mrs. Wade had three thousand

dollars in government bonds and she wished to place those in the hands of the bank in such a way that she could receive the interest from them and if necessary the principal during her lifetime, and at her death they were to go to her daughter and two other parties. * * *''

It is undisputed that approximately eight months after the date of the first instrument, and on October 27, 1930, deceased did withdraw one of the bonds from the bank, and upon the face of the second or substituted instrument, it does not appear that any different specifications were included except as noted.

■ ■ The situation or relationship thus created by deceased was either a trust, as defendants contend, or an agency terminating at her death as contended by plaintiff. The written words, as well as Mrs. Wade's acts, clearly support the interpretation that she had not ceased to be the owner and in control of the bonds; that she retained the legal right thereto and that she did not specifically or effectually part with such title or interest at the time of her written declaration. To create a valid express trust, it was necessary that she do all things that could be done to pass the legal title by the transfer to the bank. It is not contended or disclosed by the record that this power was withheld from her by reason of disability or undue influence. Had the instrument been sufficient in form to create a valid trust, it could not have been revoked at her will, without a specific reservation of that power. The fact that she requested and received part of the bonds from the bank under an instrument identical with the substituted one, that existed at her death, clearly demonstrates that she did not consider that her action and written directions in the matter had divested her of the title or control of the property, and whatever might have been attempted as a gift to be effective at her death, was so imperfectly performed as to defeat such effect, under the well established rules of law.

Not having disposed of the bonds during her lifetime,

they became a part of her estate at her death, for which she made no proper testamentary disposition, and were therefore subject to the marshalling of her estate by the legal representative, and the judgment ordering that the bonds in question be surrendered by the bank to the administrator is affirmed.

Mr. Justice Bouck dissents.

Mr. Justice Young not participating.