## MUTUAL BEN. LIFE INS. CO. v. ELLIS et al.

### No. 103.

Circuit Court of Appeals, Second Circuit.

Jan. 16, 1942.

As Amended on Denial of Rehearing

Feb. 6, 1942.

Writ of Certiorari Denied Apr. 6, 1942.

See 62 S.Ct. 945, 86 L.Ed. ——.

Roy M. Page, of Binghamton, N. Y. (Bentley M. McMullin, of Denver, Colo., of counsel), for William H. Eisenlord.

Harry A. Allan, of Albany, N. Y., for May Ellis, and others.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On June 20, 1924, the Mutual Benefit Life Insurance Company issued four policies of life insurance, each in similar form except as to amount, upon the life of Charles E. Addie. Three were for $1,000, and one was for $2,000. The policies aggregating $5,000 were all payable to Maude F. Addie, the wife of the insured, and set forth certain options that the insured could exercise at any time during the life of the policies and extended the options to the beneficiary by a clause in each policy that: "At the maturity of this policy, the company, unless otherwise directed, will extend the above options to the beneficiary."

The options were in the form subjoined.[1]

Charles Addie died November 8, 1935, whereupon Maude F. Addie, the beneficiary, notified the insurance company that

---

[1] A. To have the whole, or any designated fraction, of the proceeds of the Policy retained by the Company until the death of the Beneficiary, the Company in the meantime to pay the Beneficiary interest on the amount so retained at the rate of three per centum per annum. Interest payments will be made Monthly, Quarter-annually, Semi-annually or Annually, as may be requested, and the first payment will be made at the end of the period selected. A pro rata interest payment will be made for the time expired between the date of the last interest payment and the date of the Beneficiary's death. Subject to the right of the Company to require three months' notice in writing, the Beneficiary may withdraw at any time the amount retained by the Company, unless the Company shall be otherwise directed, and upon such withdrawal the interest payments will cease.

B. To have the whole, or any designated fraction, of the proceeds of the Policy paid in a specified number of equal Monthly, Quarter-annual, Semi-annual or Annual Instalments, as may be requested (for not exceeding thirty years), the first Instalment being payable immediately.

C. To have payments made in the man-

the $5,000 should remain with it under their option and that it should pay her the income for life, or for so long a time as she had no need of the principal, and after her death the principal should go to defendants May Ellis, Myrtle Conlon and Lillie Schufeldt, the three sisters of Charles E. Addie, and "if at any time during her lifetime she had need for the money, she would have the right to withdraw it, and use it for her own living." Maude F. Addie thereupon made an application for an "Interest Income Bearing Certificate" which is set forth below.[2]

The insurance company accordingly issued to Maude F. Addie an Interest Income Certificate duly executed by it in the form subjoined.[3] Thereafter she died in Englewood, Colorado, on September 10, 1940, and the defendant Eisenlord was appointed administrator of her estate by the County Court of Arapahoe County, Colorado, and claimed payment from the insurance company of the entire sum due under

ner provided in Option B, and continuing during the after lifetime of the Beneficiary.

[2] November 20, 1935.

The Mutual Benefit Life Insurance Company is hereby requested to retain the proceeds of Death Claim under Policies Nos. 1,148,766, 1,148,767, 1,148,768 and 1,148,769, on the life of Charles E. Addie, my Husband, and make Monthly interest payments thereon, as provided in Settlement Option A, as set forth on the other side hereof, to me, if living as the payments respectively fall due.

I am to have the right at any time to require that the amount upon which I may then be entitled to receive interest payments be paid to me as provided in either Settlement Option B or Settlement Option C, as set forth on the other side hereof.

Immediately upon receipt at the Company's Office in Newark, New Jersey, of due proof of my death, the principal amount or the commuted value of any Instalments certainly payable remaining unpaid under either Settlement Option B or Settlement Option C, as the case may be, shall be payable to May Ellis, Myrtle Conlon and Lillie Schufeldt, my Sisters-in-Law, share and share alike, or to the survivors or survivor of them, if they or any of them shall be then living, otherwise to my executors, administrators or assigns, and such payment, or my death after all of the Instalments certainly payable under Settlement Option C have been paid, is to discharge the Company from all liability under the Policies.

I am to have the right at any time, as provided on the other side hereof, to withdraw the amount upon which I may then be entitled to receive interest payments. * * *

[3] It having been agreed that the proceeds of Death Claim under Policies Nos. 1,148,766, 1,148,767, 1,148,768 and 1,148,769, Life of Charles E. Addie shall be retained by the Company, the Company will pay interest thereon in Monthly Instalments of $12.58 each, the first Instalment being payable December 8, 1935. Such Instalments will be payable to Maude F. Addie, Wife of the said Charles E. Addie, of Denver, in the County of Denver, State of Colorado, provided she shall be living as they respectively fall due. The stipulated payments will be increased by such Annual Dividends as may be apportioned by the Company.

The said Maude F. Addie may, at any time, require that the amount upon which she may be entitled to receive interest payments be paid to her in accordance with either Settlement Option B or Settlement Option C, as set forth on the other side hereof, the first Instalment being payable immediately, and the interest payments shall cease with the payment to Maude F. Addie of any unpaid accretions. The amount of the Instalments under Settlement Option C will be determined according to the then attained age of Maude F. Addie. The Instalments certainly payable under Settlement Option B or Settlement Option C will be increased by such Annual Dividends as may be apportioned by the Company.

Immediately upon receipt at the Company's Office in Newark, New Jersey, of due proof of the death of Maude F. Addie, the said proceeds, amounting to Five Thousand Thirty-three Dollars and Thirty-three Cents, together with any unpaid accretions thereon, or the commuted value of any Instalments certainly payable remaining unpaid under Settlement Option B or Settlement Option C, as the case may be, shall be payable to May Ellis, Myrtle Conlon and Lillie Schufeldt, Sisters-in-law of Maude F. Addie, share and share alike, or to the survivors or survivor of them, if they or any of them shall be then living, otherwise to the executors, administrators or assigns of Maude F. Addie, and such payment, or the death of Maude F. Addie after all of the Instalments certainly payable under Settlement Option C have been paid, shall terminate the liability of the Company.

the Interest Income Certificate. The sisters also jointly made claim for payment of the same amount and began an action to recover it from the company. The latter interpleaded the administrator and the sisters and, upon proceedings for a summary judgment the proceeds were awarded to the sisters. From the judgment, the administrator has appealed. The District Court rendered its decision in favor of the sisters upon the theory that the certificate was either a supplementary insurance contract or created a valid trust in their favor. We are in accord with the result of the decision but on the ground that the sisters were entitled to recover as third-party donee-beneficiaries.

■ The certificate was not a supplementary insurance contract, for Mrs. Addie accepted none of the options in any accurate or legal sense. She was only entitled to exercise a *particular* option "at the maturity" of the original policy—that is, upon the death of the insured. She perhaps intended to accept Settlement Option A when she requested the company to retain the proceeds of the policies and make interest payments to her during her life. But even though the power to dispose of the principal after her death be thought to have been implied under Option A and to have been exercised by the direction to pay it to the sisters, her retention of the right to have it distributed to herself through the exercise of Options B and C shows that she did not in fact exercise any one of the original options. There was, however, nothing to prevent her from making a new agreement with the company embodying the terms of the certificate and providing that the principal of the policies should be paid to her husband's three sisters, whose rights would not be derived from the policies or through the exercise of the options but from the new agreement.

■ The contract did not create a trust because the promise of the company to pay 3% interest negatives such a relation, and also because there was no res. Surely the proceeds of the policies left with the company were not intended to be earmarked and could not be regarded as property equitably belonging to Mrs. Addie which would be unavailable to satisfy claims of the company's creditors. Restatement, Trusts, § 12 and § 14, Illustration 3; 1 Scott on Trusts, pp. 87, 93, 94.

The crucial question is whether the sisters acquired the right to recover the proceeds of the policies as third-party donee-beneficiaries, or whether they were precluded from this because the agreement to pay them was invalid as an ineffective attempt to dispose of property upon Mrs. Addie's death without the formality of a will. In McCarthy v. Pieret, 281 N.Y. 407, 24 N.E.2d 102, an agreement extending a bond and mortgage provided that upon the death of the mortgagee the interest was to be paid, one-half to his brother and the other half to the heirs of his deceased sister, and the principal to the same persons when the mortgage matured. A majority of the court held that the agreement constituted an attempted testamentary disposition and as such violated the Statute of Wills. The court refused to regard the agreement as giving the brother and heirs of the deceased sister any rights as third-party beneficiaries and treated the transaction as a gift which failed because the extension evidenced no intention to transfer an interest to them during the lifetime of the mortgagee. Lehman and Loughran, JJ., dissented from the rest of the court and O'Brien, J., took no part. The decision has been criticized in the Harvard Law Review, Vol. 53, p. 1060, and in the Yale Law Journal, Vol. 51, p. 30 et seq., and with all deference we feel constrained to differ with the conclusion of the majority. The decision of the New Jersey Supreme Court in In re Koss' Estate, 106 N.J.Eq. 323, 150 A. 360, accords with our view that judgment was properly granted to the sisters as third-party donee-beneficiaries. Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639, 2 A.L.R. 1187, would also seem to sustain their claims even under the strict New York rule but, under the more liberal doctrine which generally prevails, their right to recover cannot be doubted. Restatement, Contracts, §§ 133, 135. Williston Contracts, 1936 Ed., §§ 357, 368, and cases there cited.

■ The original policies provided that the contracts should be "deemed to be made and payable in the State of Colorado," and the Interest Income Certificate provided that the interest instalments should be payable to Mrs Addie in that State. Concededly the law of Colorado governs and in Colorado a donee-beneficiary may sue. Grimes v. Barndollar, 58 Colo. 421, 148 P. 256. Likewise the law of New Jersey, where the company was incorporated and the Interest Income Certifi-

cate was executed, is the same. In re Koss' Estate, 106 N.J.Eq. 323, 150 A. 360.

■ The appellant argues that the sisters must fail because the certificate under which they seek relief is conditional and he cites as authority Restatement, Contracts, § 140. But the obligation to pay the sisters is subject to no condition, nor could their rights be terminated by Mrs. Addie without three months' notice in writing to the company. Such a possibility of revocation did not render the promise to pay invalid since the promise to pay was supported by an adequate consideration because of the required three months' written notice. Restatement, Contracts, § 79, Illustration 1; Chevrolet Motor Co. v. Gladding, 4 Cir., 42 F.2d 440; Philadelphia Ball Club v. Lajoie, 202 Pa. 210, 51 A. 973, 58 L.R.A. 227, 90 Am. St. Rep. 627. Inasmuch as the contract was valid between the original parties, Section 140, supra, of the Restatement, Contracts has no application.

■ A sufficient answer to the argument that it would violate the Statute of Wills to enforce the agreement for the sisters lies in the fact that their right to enforce is based upon a contractual obligation and not on any interest in the property of the decedent. The appellant cites no Colorado decision having any bearing on the present situation except Smith v. Simmons, 99 Colo. 227, 61 P.2d 589. There a bank to which certain bonds were delivered by the owner, with a letter instructing it as to the disposition of the bonds after the owner's death, was held an agent and not a trustee, and the bonds were therefore held a part of the transferor's estate, of which she had made no proper testamentary disposition. In the case at bar, however, the title to the proceeds of the policies passed to the company, leaving only contractual rights in Mrs. Addie and the sisters. The Colorado decisions are to the effect that such a right, though subject to be divested in the manner provided in the contract, is a vested right arising when the contract is made and enforceable unless and until terminated pursuant to the provisions of the instrument of settlement. Hill v. Capitol Life Ins. Co., 91 Colo. 300, 14 P.2d 1006; Johnson v. New York Life Ins. Co., 56 Colo. 178, 138 P. 414, L.R.A. 1916A, 868.

■ For the foregoing reasons, we hold that the appellees were entitled to recover as third-party donee-beneficiaries.

Judgment affirmed.