**Joy Ruth BUEHLER, Appellant,**

v.

**Herbert L. BUEHLER, Appellee.**

No. 7086.

Court of Civil Appeals of Texas. Texarkana.

March 10, 1959.

Rehearing Denied March 31, 1959.

John J. Dobler, Bellaire, for appellant.

Vinson, Elkins, Weems & Searls, R. P. Bushman, Edward R. Smith, Houston, amici curiae in support of appellant.

Croom & Barnes, Houston, for appellee.

FANNING, Justice.

Plaintiff, Herbert L. Buehler was the son and only child of Herbert S. Buehler, deceased, who died intestate on October 13, 1955. Defendant Joy Ruth Buehler was the second wife and surviving widow of Herbert S. Buehler. At the time of his death, Herbert S. Buehler was an employee of J. Weingarten, Inc., and a participant in Weingarten Employees' Profit Sharing Retirement Plan.

The plan provides for certain contributions to the fund to be made by the employee and by the employer with certain stipulated benefits upon retirement, resignation, dismissal, disability or death. Under the plan each member has the unrestricted right to designate the beneficiary or beneficiaries to receive payment of such member's death benefits, such designation to be in writing signed by the member and bearing the signature of at least one witness to the member's signature.

Prior to his death Herbert S. Buehler executed and delivered to the Trustees of the Plan a designation of his wife, Joy Ruth Buehler, as beneficiary upon the form furnished by his employer with the signature of Herbert S. Buehler being duly witnessed in writing by one witness. Herbert S. Buehler died on October 13, 1955, while an employee of Weingarten and without having changed his beneficiary. Buehler had been an employee of Weingarten from 1927 until his death on October 13, 1955, about 28 years, and had not retired. Shortly after his death the Trustees paid to his named beneficiary, the defendant, the $8,272.87 on deposit in the name of Herbert S. Buehler at the date of his death.

Plaintiff brought this suit to recover from defendant a portion of the total sum paid by the Trustees to defendant on the ground that the entire sum was a part of the estate of Herbert S. Buehler, deceased, and that plaintiff was entitled to a portion thereof under the statutes of descent and distribution. The trial court found in favor of plaintiff as a matter of law upon submission of the case upon the stipulated facts and rendered judgment for plaintiff in the sum of $5,143.10, with interest and costs. In the judgment the trial court concluded as a matter of law that the designation of

beneficiary instrument in question was testamentary in nature and was not executed with the formalities and solemnities required by law. Defendant, Joy Ruth Buehler, has appealed.

After carefully considering all of the pertinent provisions of the Weingarten Plan in question, the stipulated facts in the record, and the various contentions of the parties, we have reached the conclusion that the beneficiary designation in question was not testamentary but that same was a valid designation of Mrs. Joy Ruth Buehler as a third party beneficiary under the contract between Herbert S. Buehler and the Trustees of Weingarten Employees' Profit-sharing Retirement Plan. Consequently, Mrs. Joy Ruth Buehler, the surviving widow, as the named beneficiary, was clearly entitled to all of the $8,272.87 theretofore paid her by the Trustees of the Weingarten Plan, and the trial court erred in not rendering a take-nothing judgment in her favor. Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470; Ricks v. Smith, Tex., 318 S.W.2d 439.

In the opinion of the Supreme Court of Texas in Edds v. Mitchell, supra, it is stated [143 Tex. 307, 184 S.W.2d 829]:

"In this state, as in most of the states, a third person for whose benefit a contract is made, whether he is a creditor beneficiary or a donee beneficiary, has by virtue of the contract a right that he may enforce by suit against the promisor. Splawn v. Chew, 60 Tex. 532; Washington Life Ins. Co. v. Berwald, 97 Tex. 111, 76 S.W. 442, 1 Ann.Cas. 682; Allen v. Traylor, Tex. Com.App., 212 S.W. 945; Contracts for the Benefit of Third Parties in Texas, by Dean Ira P. Hildebrand, 9 Texas Law Review, pp. 125–171; Williston on Contracts, Vol. 2, pp. 1029–1162; Restatement of the Law of Contracts, Vol. 1, pp. 151–176, Secs. 133–147.

"A life insurance policy for the benefit of another is perhaps the best illustration of a contract for the benefit of a donee beneficiary. When the insurance is effected in favor of a third person, his rights under the policy vest immediately, and they can be affected or terminated, without his consent, only in the manner provided by the policy or by the law. If the policy gives the insured the power to change the beneficiary, the right of the beneficiary named in the policy is not indefeasible but it is nevertheless a vested right. Splawn v. Chew, 60 Tex. 532; Washington Life Ins. Co. v. Berwald, 97 Tex. 111, 76 S.W. 442, 444, 1 Ann. Cas. 682; Williston on Contracts, Vol. 2, pp. 1079–1080, Sec. 369.

"The situation of the parties to the United States Savings Bonds is substantially the same as that of the parties to the insurance policy. Mrs. Edds is the third party for whose benefit the contract between Mrs. Rhode and the Government was made, the Government agreeing to pay the bonds to Mrs. Edds on the death of Mrs. Rhode. The latter could not change the beneficiary named in the bonds, but she could defeat the beneficiary's interest by collecting them. Under the rule of the life insurance cases Mrs. Edds' interest, although defeasible, was vested interest created by the issuance of the bonds. As said in Reynolds v. Danco, 134 N.J.Eq. 560, 36 A.2d 420, 421:

" 'There was here * * * a contract between the decedent and the government, by the terms of which the defendant, as registered beneficiary, acquired a present vested though defeasible interest, contemporaneous with the superior rights of the decedent, and his death terminated his rights and left the defendant with an indefeasible ownership entitling her to demand payment of the proceeds.'

"This classification of the interest of the beneficiary designated in the bonds gives full effect to the terms of the bonds and to the provisions of the

Treasury regulations applicable to them.

"Since we agree with the conclusion of the Court of Civil Appeals that the right of Mrs. Edds to the bonds rests in a valid contract made for her benefit and not in gift or devise, and that under the contract she became the owner of full title to the bonds on Mrs. Rhode's death, we express no opinion as to the contention that the beneficiary's ownership should be sustained solely because of supremacy of the Federal statute and Treasury regulation."

In Ricks v. Smith, supra, the Supreme Court of Texas held that Series E United States Savings Bonds payable to John Michael Dooley or his wife, upon Dooley's death went to his surviving wife as sole owner, not to his estate or heirs, though the bonds were purchased with community funds. The Supreme Court grounded its holding on the contractual provisions in the bonds and not on the rules of the United States Treasury Department. We quote from the majority opinion of the Supreme Court in said case, written by Chief Justice Hickman, as follows [318 S.W.2d 440]:

"* * * the purchase of the bonds was by a contract which created a property right,—not merely a method of payment for the convenience of the Treasury Department. * * * The solution as to the property rights of the surviving co-owner of 'or' bonds rests in contract, and that contract becomes a part of the bonds. * * * We have held that his estate had no interest in those bonds, the only property passing to the residuary legatees under the will was a one-half interest in the Dooley homestead."

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant that appellee take nothing in his suit against appellant.

Reversed and rendered.