See also 324 S.W.2d 21.

**Margie Lyon KIRKLAND, Appellant,**

v.

**Oma Clyde KIRKLAND et al., Appellees.**

**No. 16347.**

Court of Civil Appeals of Texas.

Fort Worth.

June 29, 1962.

Rehearing Denied Sept. 14, 1962.

Hollis D. Garmon, Greenville, for appellant.

R. A. Kilpatrick, Cleburne, for appellee Oma Clyde Kirkland.

Will Wilson, Atty. Gen. of Texas, and Fred D. Ward, Asst. Atty. Gen., Austin, for appellee Teacher Retirement System of Texas.

BOYD, Justice.

Kenneth L. Kirkland, Sr., was a member of the Teachers Retirement System. He married Margie Lyon Kirkland on June 6, 1938. On August 14, 1938, on forms prepared by the System, Mr. Kirkland designated his sister, Miss Oma Clyde Kirkland, as his beneficiary. Kenneth L. Kirkland, Jr., the only child of Mr. and Mrs. Kirkland, was born December 19, 1938. Mr. Kirkland died intestate on January 15, 1958, leaving his wife and son as his only heirs at law.

Mr. Kirkland had not retired at the time of his death. The amount of accumulated contributions credited to him at the time of his death was $3,920.83. This amount is being held by the System pending the outcome of the suit.

Mrs. Kirkland sued Miss Kirkland, the Teachers Retirement System, and Kenneth L. Kirkland, Jr., for a judgment declaring that the plaintiff is entitled to receive such funds and that they be awarded to her.

The case proceeded to trial before a jury and on April 17, 1961, after all parties had rested, the court announced that he believed there was no fact issue to be submitted, and that he would discharge the jury. Mrs. Kirkland objected to the court's action in taking the case from the jury, and took a nonsuit. At that time Miss Kirkland had on file an answer asking that her designation as beneficiary be upheld and that she recover the benefits in controversy.

Nothing else was done in this case until August 15, 1961, when Mrs. Kirkland filed a paper styled "Amicus Curiae", wherein she referred to herself as "plaintiff", stated that she was not then a party to said cause, and that subsequent to the nonsuit she filed suit in the District Court of Travis County in the form of a class action against the Teachers Retirement System, the State Board of Trustees, and Frank M. Jackson as the representative of all members of the System and saying that Miss Kirkland should be made a party in that suit. She moved that this cause be consolidated with the cause in Travis County, and stated that a similar motion was pending in the Travis County case. She then prayed that a hearing be set as quickly as possible and that Miss Kirkland show cause why her cross-action should not be consolidated with the case in Travis County.

On September 22, 1961, Miss Kirkland filed a motion for judgment against Mrs. Kirkland, Kenneth L. Kirkland, Jr., and the System stating that the case had been fully tried and developed both as to the plaintiff's action and the cross-action of Miss Kirkland against the plaintiff, Kenneth L. Kirkland, Jr., and the System.

On November 21, 1961, the court heard the motion for judgment, and rendered a decree declaring that Miss Kirkland is the legal beneficiary and entitled to receive the accrued contributions under the certificate of the deceased, and that she recover from the System judgment for $3,920.83, and directed the System to pay to her all sums that will accrue in the future by virtue of deceased's having been a member of the System. From this judgment Mrs. Kirkland has appealed.

The Teachers Retirement Act authorizes designation of beneficiaries.

■ Miss Kirkland herself is a retired teacher, and is drawing retirement benefits. Appellant contends that if Miss Kirkland receives the benefits under the assignment in question she will receive two retirement pensions, which would be a violation of the Constitution and laws of this State, and particularly Article 3, Section 48a of the Constitution, reading in part as follows: "* * * the recipients of such retirement fund shall not be eligible for any other State pension retirement funds or direct aid from the State of Texas, unless such other State pension or retirement fund, contributed by the State, is released to the State of Texas as a condition to receiving such other pension aid; * * *."

We do not believe that Miss Kirkland, should she be paid the benefits under the certificate of the deceased, would be the recipient of two state pensions. In Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437, a suit involving the Teachers Retirement Act, it was said:

"The petitioners have erroneously assumed that a nominee or designee under an optional allowance is a pensioner attempting to qualify as a teacher-member. Such is not the case. On the contrary, he is a mere beneficiary designated to receive the unpaid balance due the teacher at the time of his death, a balance which ordinarily the teacher might have been paid before death had he elected to receive upon retirement the whole of his membership and prior-service annuity payments for life, rather than the reduced amount with remainder to another." The Supreme Court quoted with approval from the opinion of the Court of Civil Appeals in the same case, 211 S.W.2d 599, as follows: " 'The annuity benefits under the Teacher Retirement System are determined by fixed standards and formulas prescribed by the law. No person not qualified under the Constitution or the statutes is originally eligible to receive benefits under the Retirement Act. Once these rights have accrued in favor of one eligible to receive them, there is no constitutional prohibition against their assignment or transfer. The Retirement Acts expressly authorize such transfer.' "

■ We cannot agree with appellant's second contention that the designation of Miss Kirkland was ineffective because the form used is not identical with the form now required by the State Board of Trustees. It was shown that the form used was prescribed by the System and was the one in use in 1938.

■ Appellant's third point is that the assignment is ineffective because the Retirement Act provides that an assignment, transfer, or pledge of any salary or wages due or which may become due, as security for indebtedness, shall be valid only if written consent to such assignment shall have been obtained from the employing authority, and such assignment is acknowledged in the manner required when making deeds, and, if made by a married person, it is acknowledged in the same manner by his or her spouse. The designation under investigation was in no sense made as security for any indebtedness, and we think the provision invoked is inapplicable. This point is overruled.

■ We overrule the fourth point, which is that the designation of Miss Kirkland is testamentary in character, and since it was not executed under the formalities required in the execution of wills, the deceased's interest in the funds vested in his heirs, and because, furthermore, Mrs. Kirkland did not join in the execution of the designation. We do not think the designation was testamentary. This holding, we think, finds support in Buehler v. Buehler, Tex.Civ.App., 323 S.W.2d 67, and Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470.

Appellant contends in her last point that issues of fact were presented as to whether appellant was defrauded by deceased in violation of her rights in community prop-

erty, and that it was error to withdraw the case from the jury. The deceased was the owner of considerable separate estate, and there was evidence that the community estate amounted to $40,000.00 or more. It all went to his wife and son, except the fund in controversy. He was under a moral obligation, if not a contractual one, to help his sister. She had executed her will, in which deceased was named as beneficiary. They had an afflicted brother, who to some extent had been a charge upon both since his early childhood. In a similar situation the court said in Jones v. Jones, Tex.Civ. App., 146 S.W. 265, that where a deceased left such an estate for the benefit of his wife and child it would rebut any inference that he might have tried to injure his wife. See, also, Martin v. McAllister, 94 Tex. 567, 63 S.W. 624, 56 L.R.A. 585. What we have said makes it unnecessary to consider the effect of appellant's failure to ask for a jury after her nonsuit.

Finding no error, the judgment is affirmed.