Norman E. HART, Plaintiff,

v.

The SAVINGS AND PROFIT SHARING PENSION FUND OF SEARS, ROEBUCK AND CO., Employes, and Claire Giannini, et al., Defendants and Third-Party Plaintiffs,

v.

Norman E. HART, Larry K. Gates, and Katie C. Lewis, Third-Party Defendants.

Civ. A. No. 6091.

United States District Court
E. D. Virginia,
Norfolk Division.

July 30, 1968.

Clarke & Snider, Virginia Beach, Va., for plaintiff.

Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., for defendants and third-party plaintiff.

Parsons, Steffen & Moore, Norfolk, Va., for third-party defendants.

## MEMORANDUM

MacKENZIE, District Judge.

In the mid-1920's Sears, Roebuck and Company, Incorporated, as part of its enlightened management program, initiated The Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co., Employes. Since that time it has attracted the participation of the great majority of Sears employees and is now a Two-Billion Dollar organization.

We are asked to declare that a requirement of the trust, i. e., that the employee name the beneficiary of the funds to his credit at his death, be declared invalid in Virginia as being a testamentary act not properly solemnized under the Statute of Wills. This we decline to do.

Sarah B. Hart, now deceased, was an employee of Sears, Roebuck and Co., Inc., and joined The Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co., Employes, in October, 1955. She accepted the rules and regulations of the Fund and designated Larry K. Gates and Kattie Niblock, her son and daughter, as beneficiaries.

Later, Mrs. Hart married Norman E. Hart. Still following the requirements of the trust, she duly filed a change of beneficiaries and included Mr. Hart, with her son and daughter as beneficiaries. Upon Mrs. Hart's death, the Fund distributed 31 shares of Sears, Roebuck and Co., Inc., plus $466.11 to Norman E. Hart, Katie C. Lewis and Larry K. Gates.

Mr. Hart, Executor under the Will of Mrs. Hart, asks here that this distribution under the designation filed with the trust be upset and that Mrs. Hart's assets in the Fund be declared to be a part of her estate and thus payable to him as executor.

The basis for the plaintiff's contention is that Bickers v. National Bank, Executor, 197 Va. 146, 148, 88 S.E.2d 889 (1955), requires that the settlor, upon joining the trust, actually divest herself, in praesenti, of any interest in the subject matter of the trust, and, it is the plaintiff's claim that the settlor did not so divest herself in this case.

We disagree with plaintiff's premises that liken the case at bar to *Bickers*, supra, and to the lesson to be taken therefrom.

On facts alone, *Bickers* is distinguishable from the case at bar.

In *Bickers*, supra, the settlor expressly stated in the addendum to the trust that the settlor *intended* that nothing pass from the settlor; while in the case at bar, Sarah B. Hart joined, in 1955, a trust then in existence 30 years. She was made fully cognizant of its provisions by a printed detailed manual as to rights, duties and obligations of herself and of the trustees. Among such obligations was the receipt and investment by the trustee of not only Sarah B. Hart's contributions but the considerable matching funds from Sears. Her intention to enter the trust and to accept the contributions made to it by others must certainly be held manifest, particularly of her acknowledgment of the trust obligations when she further complied

with its rules in her later change of beneficiaries on the prescribed trust form.

In *Bickers,* supra, the Court worried over the fact that the effectiveness of the trust was dependent upon settlor writing and having in effect a proper Will, a fact which could not be determined until Bicker's death. There is no such dependency in the case at bar—no such question of whether the trust would actually ever be in effect.

In the contests over assets in private profit sharing pension funds between designated beneficiaries against the estate of the deceased employee, the results have been in favor of the designated beneficiary (72 A.L.R.2d 924, 1960). The cases proceed on two theories in sustaining the designated beneficiary's ownership of the pension fund assets. One such theory is that the designated party is a third party beneficiary under the agreement between the employee and the fund as in Buehler v. Buehler, 323 S.W. 2d 67 (Tex.Civ.App.1959) ; and a third party contract as in Re Koss, 106 N.J. Eq. 323, 150 A. 360 (1930) ; or as a third party donee beneficiary to whom a defeasible interest vested as in Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 829 (1945).

Another such theory is that such pension funds create a valid inter vivos trust such as in Farkas v. Williams, 5 Ill.2d. 417, 125 N.E.2d 600 (1955) ; and applied such reasoning to a case much like the facts here pertaining in a stock purchase plan, Siter v. Hall, 220 Ky. 43, 294 S.W. 767 (1927) (though the plan was held ineffective on other grounds). Certainly Courts have had no trouble with fully revocable life insurance trusts which is now an American institution. Nor in the almost universal practice of having named beneficiaries of Civil Service Retirement Funds, or in pay-on-death beneficiaries of Government Savings Bonds.

Our own conclusion is that whether The Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co.,

Employes, be called a "trust" or a "third party beneficiary contract", is of little moment.

We specifically find that The Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co., Employes, is a proper inter vivos trust or third party beneficiary contract, and even tested by the rule of *Bickers,* supra, is such because the settlor did pass an interest, in praesenti, upon her joining of the fund and the beneficiaries named by Sarah B. Hart did receive a vested interest, defeasible though it might have been.

Counsel for the defendants will prepare a proper order in accordance with this memorandum.