Virginia COOK, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Appellee.

No. 84–1045.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1984.

Decided July 12, 1984.

James Allan Colburn, Huntington, W.Va. (Baer & Colburn, L.C., Huntington, W.Va., on brief), for appellant.

Alvin Pasternak, New York City (William J. Toppeta, New York City, on brief), for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and MICHAEL,* District Judge.

PER CURIAM:

In this action based on diversity jurisdiction, plaintiff Virginia Cook appeals the decision of the district court granting summary judgment to Metropolitan Life Insurance Company. Finding that the contract between the insured and the insurer clearly provided for interest payments during the lifetime of the primary beneficiary and that the agreement did not violate West Virginia law, we affirm the decision of the district court.

In 1936 Metropolitan Life Insurance Company issued to Howard Cook four life insurance policies, each with a face value of $5,000. In his application for these policies Cook named his wife Virginia as primary beneficiary and his daughter as contingent beneficiary. He answered "yes" to the question whether he reserved the right to change the beneficiary at any time without the consent of the designated beneficiary. The policies, which were virtually identical, provided for the insured to choose the method of payment to take effect after his death or upon surrender of the policy. Of the four options available, (1) interest payments, (2) installment payment, (3) life income or (4) annuity, Howard Cook selected the first option for payments to his wife. In 1937 an "election of mode of settlement" containing the following provision was mailed by the insured to the home office of Metropolitan Life:

In accordance with and subject to the provisions of the above numbered policies, I HEREBY DIRECT that the amount payable under the said policies, upon my death, shall be returned by the Company *in accordance with the provisions of Option One of the MODES OF SETTLEMENT and interest thereon shall be paid to Virginia R. Cook, my wife, the beneficiary of record, during her lifetime.* Upon the death of my said wife, the interest then accrued on the amount retained by the Company under Option One shall be paid at once in one sum to Janice Cook, my daughter, and the amount retained shall be further retained by the Company and paid out to my said daughter in accordance with the provisions of Option Two of the MODES OF SETTLEMENT.... (Emphasis added.)

The policy contained the following description of Option One:

OPTION 1. (INTEREST PAYMENTS).—By the payment of interest either annually, semi-annually, quarterly or monthly, at the rate of three per centum per annum on the amount retained by the Company, the first interest payment being payable at the end of one year, six months, three months or one month respectively, according to the mode of interest payment elected, and by the payment upon the death of the payee, or at the end of a certain number of years, as specified in said written election, of the amount retained by the Company, together with any accrued interest, to such payee, or to the person designated in said election; or, if there be no person so designated, to the executors or administrators of such payee.

The statement mailed to the insurer, which was recorded by Metropolitan Life, also specified that Howard Cook's wife should "not have the right, at anytime, to withdraw the amount retained by the Company under Option One." The insured reserved the right to cancel, through written notice to the insurer, the directions given.

After Howard Cook's death in 1982, his widow surrendered the policies and Metropolitan Life issued her a supplementary contract for interest payments at the rate of 7% per annum. (The insurer is paying 7% rather than 3% because it agreed to increase the rate if a higher interest rate was declared under the interest payments option). Preferring to receive a lump sum

---

* Hon. James H. Michael, Jr., United States District Judge for the Western District of Virginia, sitting by designation.

payment of the face amounts of the four policies plus all accumulated interest, plaintiff filed suit.

Plaintiff raises several arguments. The first, that there were certain conditions precedent to election of a mode of settlement that were not met, is refuted by the language of the policy. Plaintiff relies on the following provision:

Upon written election made to and accepted by the Company, in accordance with the provisions hereinafter contained, the whole or any part of the amount payable according to the terms of this policy will, (1) upon receipt of due proof of death of the insured, or (2) upon surrender of this Policy for its Cash Surrender Value after it has been in force for at least five years, be retained by the Company and paid out in accordance with one of the following options:

■ As noted by the district court, this provision controls the defendant's method of payment after a valid election is made. It does not, however, provide conditions precedent to the insured's right to make an election. The insured exercised his right of election and the written election was accepted by Metropolitan Life. The contract in effect at the time of the insured's death provided for the payment of interest only to Virginia Cook and, upon her death, for installment payments of the proceeds to the Cooks' daughter. The rights of the beneficiaries vested under the contract at the insured's death and under the contract Virginia Cook had only the right to receive interest payments.

■ Plaintiff also argues that the insured's written election of mode of settlement violates West Virginia law for three reasons—because it constitutes a testamentary disposition without conforming to the Statute of Wills, because it violates the statutory prohibition against dual or multiple pay policies and because it represents an unreasonable restraint on alienation of property. Although a life insurance policy resembles a will in that it may become operative at death, a life insurance policy is fundamentally different because it is a con-

tractual agreement between insurer and insured and, as such, need not conform to the Statute of Wills. *See Mutual Benefit Life Insurance Company v. Ellis*, 125 F.2d 127, 131 (2d Cir.), *cert. denied sub. nom.*, 316 U.S. 665, 62 S.Ct. 945, 86 L.Ed. 1741 (1942).

■ The contention that the insured's exercise of the first option violates the statute prohibiting dual or multiple pay policies is belied by the language of the statute. West Virginia Code § 33–13–29 provides:

No life insurance policy shall be delivered or issued for delivery in this State if it provides that on the death of anyone not insured thereunder, the owner or beneficiary of the policy shall receive the payment or granting of anything of value.

In the instant case the insured's election of a mode of settlement does not violate § 33–13–29 because the proceeds become payable only upon the death of the insured and not upon the death of any other person. The moneys payable to Janice Cook on the death of Virginia Cook merely constitute deferred payments that Metropolitan Life agreed to make pursuant to the contract between the insured and Metropolitan Life.

■ Plaintiff's third argument is equally without merit. The doctrine of unreasonable restraint on alienation of property is simply inapplicable. Under the terms of the contract, the primary beneficiary is to receive interest payments until her death at which time her daughter is to receive the accrued interest in one payment and thereafter to receive monthly installment payments. The intentions of the parties to the contract were clearly expressed in the contract itself and there is no reason to thwart these intentions.

Accordingly, the decision of the district court is

AFFIRMED.